

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SEIZED ITEMS: | **FILED UNDER SEAL** |
| Apple Mac Pro Computer<br>Apple iPhone 6 Plus Cellular Telephone<br>Western Digital My Book for Mac External Hard Drive<br>Western Digital My Book VelociRaptor Duo External Hard Drive | NO. 15-850-M |

## ORDER

AND NOW, this 27th day of August, 2015, upon consideration of the request of Movant, Francis Rawls, for reconsideration of the court's Order, dated August 3, 2015, granting the Government's Application Pursuant to the All Writs Act to Require Defendant Rawls to Assist in the Execution of a Previously Executed Search Warrant, it is hereby **ORDERED** that the request for reconsideration is **DENIED**.

Francis Rawls shall fully comply with the court's Order no later than **September 4, 2015.**[1]

---

[1] By way of a "Motion to Quash Government's Application to Compel" filed August 26, 2015, Mr. Rawls objects to providing assistance to the government in the execution of the search warrant because his act of decrypting the electronic devices seized by the government would be considered testimonial and, therefore, violate his Fifth Amendment privilege against self-incrimination. However, federal courts have recognized the "foregone conclusion" doctrine. The courts hold that the act of production of encryption codes is not testimony - even if this production conveys a fact regarding the possession or authenticity of the images contained in the electronic devices - if the government can show with "reasonable particularity" that, at the time it sought to compel the assistance of Mr. Rawls, it already knew of the materials, thereby making any testimonial aspect a "foregone conclusion." In re Grand Jury Subpoena Dated Mar. 25, 2011, 670 F.3d 1335, 1345-46 (11th Cir. 2012). See also United States v. Gavegnano, 305 F.App'x 954, 955-56 (4th Cir. 2009) (where government independently proved that defendant was sole user and possessor of computer, defendant's revelation of password not subject to suppression); United States v. Sabit, 2014 WL 1317082, at *2 (E.D. Mich. April 1, 2014) ("[W]hen a witness produces a document that the government knows exists, the act of production is tantamount to a "surrender" and is not "testimonial."); United States v. Fricosu, 841 F.Supp.2d 1232, 1236 (D. Colo. 2012) (defendant's Fifth Amendment privilege

BY THE COURT:

*Thomas J. Rueter*

THOMAS J. RUETER
United States Magistrate Judge

cc:   Perry deMarco, Jr., Esq. (via e-mail)
      Michael L. Levy, AUSA (via e-mail)

---

against self-incrimination was not implicated by requiring her to produce the unencrypted contents of a computer, when the government knew of the existence and location of the computer's files); In re Boucher, 2009 WL 424718, at *3 (D. Vt. Feb. 19, 2009) (requiring defendant to produce an unencrypted version of his laptop's Z drive did not constitute compelled testimonial communication when the government previously knew the location of the Z drive and its files).

Here, the Affidavit of Special Agent David Bottalico, supporting the application for a Search Warrant, establishes that (1) the Government has custody of the electronic devices; (2) prior to the Government's seizure, Mr. Rawls possessed, accessed and owned all the electronic devices; and (3) there are images on the electronic devices that constitute child pornography. (Affidavit ¶¶ 13-31.) Therefore, under the "foregone conclusion" doctrine, requiring Mr. Rawls to assist in the decrypting of those devices does not violate his privilege against self-incrimination.

**Any party may file objections to this Order.** See Loc. R. Crim. P. 50.2(IV). Failure to file timely objections may constitute a waiver of any appellate rights. United States v. Polishan, 336 F.3d 234, 240 (3d Cir. 2003).