

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SEIZED ITEMS: | : : : |
| Apple Mac Pro Computer | : Mag. No. 15-850-2 |
| Apple iPhone 6 Plus Cellular Telephone | : |
| Western Digital My Book for Mac External Hard Drive | : : |
| Western Digital My Book VelociRaptor Duo External Hard Drive | : : |

## SUPPLEMENTAL ORDER

**AND NOW**, this 5th day of October, 2015, having issued an Order, dated September 30, 2015, granting the Government's Motion to Hold Francis Rawls in Contempt and ordering that Francis Rawls be remanded to the custody of the United States Marshals to be incarcerated until such time that he fully complies with Judge Reuter's Order of August 27, 2015, the Court issues this Supplemental Order to articulate the reasons for its September 30th Order. The Court issued the September 30th Order for the following reasons:

1. "It has long been recognized that courts possess the inherent authority to hold persons in contempt." United States v. Harris, 582 F.3d 512, 514 (3d Cir. 2009) (citations omitted). "Civil contempt orders are intended to be coercive or compensatory in nature, and do not require, *inter alia*, a jury trial. Rather, civil contempt is imposed by the judge upon a finding that one has failed to comply with a valid court order." Id. (citations omitted). "With civil contempt, the contemnor will be released subject to compliance with some condition. He is thus understood, in a by-now familiar observation, to 'carr[y] the keys of his prison in his own pocket.'" Id. at 515 (quoting Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994)).

2. While a jury trial is not required for a civil contempt proceeding, due process requires that a potential contemnor be given notice and a hearing. Newton v. A.C. & S. Inc., 918 F.2d 1121, 1127 (3d Cir. 1990). Importantly, civil contempt proceedings are not an opportunity for an individual to attack the validity of the underlying court order by relitigating issues that were raised or that could have been raised the underlying proceeding. See United States v. Rylander, 460 U.S. 752, 756 (1983) ("'It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.'" (quoting Maggio v. Zeitz, 333 U.S. 56, 69 (1948))); United States v. Edgerton, 734 F.2d 913, 917 (2d Cir. 1984) ("The basic premise that the issues raised (or those that could have been raised) at an enforcement hearing are res judicata with respect to the same parties at a later contempt was strongly endorsed by the Supreme Court . . . [a]nd our decision in [United States v.]Secor[, 476 F.2d 766 (2d Cir. 1973)] is clearly on point. The appellant there was barred from relitigating his claimed Fifth Amendment privilege at his contempt hearing since he had raised it at the enforcement hearing, lost, and failed to appeal.").

3. "In a civil contempt proceeding, the contempt must be proved by clear and convincing evidence." In re Battaglia, 653 F.2d 419, 422 (9th Cir. 1981) (citing United States v. Powers, 629 F.2d 619, 626 n.6 (9th Cir. 1980)); see also NLRB v. Blevins Popcorn Co., 659 F.2d 1173, 1183 (D.C. Cir. 1981). "In a civil contempt proceeding such as this, of course a defendant may assert a *present* inability to comply with the order in question . . . [w]here compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this

2

defense, the defendant has a burden of production." Rylander, 460 U.S. 752, 757 (1983) (citations omitted). More specifically, where the defense to a civil contempt proceeding is based on memory loss, courts have employed the following burden-shifting framework:

> A civil contempt proceeding on a witness' asserted memory loss requires a three-step analysis that shifts the burden of production to the witness, but always leaves the burden of proof with the government. First, the government must make a prima facie showing of contempt; i.e., that it made an authorized request for information, that the information was relevant to the proceedings, that the information was not already in the possession of the government, and that the witness did not comply.
>
> Second, once the government has presented its prima facie case, the witness must provide some explanation on the record for his failure to comply. If the witness fails to meet this "burden of producing evidence," the government's prima facie case is sufficient to meet its burden of proof for a finding of contempt. The witness may meet his burden, however, where, as here, he testifies that he does not remember the events in question.
>
> Finally, if the witness meets his burden of production by claiming a loss of memory, the government must carry its burden of proof for a finding of contempt by demonstrating that the witness in fact did remember the events in question, thereby establishing a willful failure to comply.

Battaglia, 653 F.2d at 422-23 (internal citations omitted).

4. Here, the Government's prima facie case of contempt was largely, if not entirely, uncontested. See 9/30/15 Hr'g Tr. 3:2 – 5:4. The Government made an authorized request for information that was relevant to the proceedings, and which was not already in its possession.[1] It is undisputed that Francis Rawls has not fully complied with the

---

[1] On July 29, 2015, the Government obtained a search warrant for certain electronic media previously seized by Delaware County and Philadelphia County law enforcement officials. Dkt. No. 1. On August 3, 2015, the Government made an application pursuant to that All Writs Act to require Francis Rawls to assist in the execution of a previously executed search warrant. Dkt. No. 3. That same day, the Honorable Thomas J. Reuter, United States Magistrate Judge, granted that application by way of Order,

3

terms of the August 27th Order, which required him to produce the relevant materials in a fully unencrypted state.[2] 9/30/15 Hr'g Tr. 4:14 – 5:4; 139:5-15; 140:22 – 142:3. Because the Government satisfied its burden of making out a prima facie case of contempt, the

---

which directed Francis Rawls to produce all of the above-captioned electronic media in a fully unencrypted state on or before August 14, 2015. On August 12, 2015, Perry de Marco, Jr., Esq., counsel for Francis Rawls, made a letter request for 30 days to respond to the Government's All Writs Act Application. Dkt. No. 4. In a letter, dated August 12, 2015, Assistant United States Attorney Michael Levy opposed the requested extension. Dkt. No. 5. On August 13, 2015, counsel for Mr. Rawls again wrote to Judge Reuter to request additional time to challenge the Government's All Writs Act Application. Dkt. No. 6. Later on August 13, 2015, Judge Reuter issued an Order staying the August 3rd Order, and allowing Francis Rawls to respond to the Government's All Writs Act Application on or before August 27, 2015. Dkt. No. 7. At approximately 8:15 PM on August 26, 2015, counsel for Mr. Rawls faxed Judge Reuter an undated Motion to Quash Government's Application to Compel. Dkt. No. 8. On August 27, 2015, Judge Reuter issued an Order denying Francis Rawls's request for reconsideration of the August 3rd Order. Dkt. No. 9. The August 27th Order required Francis Rawls to comply with the August 3rd Order by no later than September 4, 2015. Id. Importantly, the August 27th Order rejected Rawls contention that providing any assistance to the Government would violate his Fifth Amendment privilege against self-incrimination. Id. n.1. In addition, the August 27th Order informed the parties that: "**Any party may file objections to this Order**. See Loc. R. Crim. P. 50.2(IV). Failure to file timely objections may constitute a waiver of any appellate rights. United States v. Polishan, 336 F.3d 234, 240 (3d Cir. 2003)." Id. Despite this admonition, Francis Rawls did not file objections to the August 27th Order, nor did he seek review of that order by way of appeal, writ of mandamus, or otherwise. 9/30/15 Hr'g Tr. 3:2-12.

[2] On September 4, 2015, Mr. Rawls appeared at the Criminal Investigation Division of the Delaware County District Attorney's Office. 9/30/15 Hr'g Tr. 84:12 – 85:2. The various electronic media were presented to Mr. Rawls in a controlled environment so that he could provide them in an unencrypted state, as required by the August 27th Order. 9/30/15 Hr'g Tr. 85:3-23. While Mr. Rawls produced some of the media in an unencrypted state, he did not provide the Western Digital My Book for Mac External Hard Drive ("Hideaway Cloud") or the Western Digital My Book VelociRaptor Duo External Hard Drive ("ThunderCloud") in an unencrypted state. 9/30/15 Hr'g Tr. 86:3 – 93:14. Following Mr. Rawls' failure to fully comply with the August 27th Order, on September 4, 2015, Judge Reuter noticed a hearing on the Government's Motion for Contempt for September 10, 2015. Dkt. No. 10. In papers dated September 8, 2015, the Government filed a Motion for Order to Show Cause Why Francis Rawls Should Not be Held in Contempt. Dkt. No. 11. The previously noticed hearing on the contempt motion was conducted as scheduled on September 10, 2015. Dkt. No. 13. In an Order, dated September 14, 2015, Judge Reuter certified various facts for use by the District Court, found that Mr. Rawls should be held in contempt, granted the Government's motion, and ordered that Mr. Rawls appear before a United States District Judge to show cause why he should not be adjudged in contempt. Dkt. No. 14. The Court held telephone conferences with counsel for the Government and counsel for Mr. Rawls on September 16, 2015, and September 18, 2015, and orally notified counsel during the September 18, 2015 telephone conference that a contempt hearing would take place on September 30, 2015 at 2:00 PM. Subsequently, written notice of the September 30, 2015, contempt hearing was emailed to counsel for the parties. On September 29, 2015, the Government filed a Memorandum of Law in Support of Motion to Hold Francis Rawls in Contempt. Dkt. No. 16. The *de novo* contempt hearing was conducted before this Court as scheduled on September 30, 2015. It is undisputed that from September 4, 2015, through the present, Mr. Rawls has not fully complied with the terms of the August 27th Order.

4

burden of production then shifted to Mr. Rawls to "provide some explanation on the record for his failure to comply." Battaglia, 653 F.2d at 422. At the September 30th Contempt Hearing, Mr. Rawls did not testify or call any witnesses, he did not offer any documentary or physical evidence into the record, and the only evidence he elicited was in the form of cross-examination of the Government's witnesses. Crucially, Mr. Rawls offered no on-the-record explanation for his present failure to comply with the August 27th Order. In the absence of any explanation from Mr. Rawls, the Government's prima facie showing of contempt satisfies the burden of proof for a finding of civil contempt. Rylander, 460 U.S. at 761; Battaglia, 653 F.2d at 422.

5. In light of the Government satisfying its burden of proof, the Court adjudged Mr. Rawls to be in civil contempt of court. 9/30/15 Hr'g Tr. 145:12-13. Mr. Rawls was informed on the record that, in order to obtain his compliance with the August 27th Order, he would be remanded into federal custody and incarcerated until such time as he fully complied with the terms of the August 27th Order. 9/30/15 Hr'g Tr. 145:13-23 Mr. Rawls was informed that he could purge himself of the civil contempt order by agreeing to comply with (and subsequently complying with) the August 27th Order. Id. At the conclusion of the hearing, Mr. Rawls was given ten minutes to speak with his attorney about his situation to decide whether he wanted to purge himself of the contempt before being removed from the courtroom by the United States Marshals. Id. After those ten minutes elapsed, Mr. Rawls made no indication that he would comply with the August 27th Order, so Mr. Rawls was taken into custody by the United States Marshals.[3]

---

[3] Before adjourning the proceedings, and with Mr. Rawls present, the Court denied Mr. Rawls' oral motion to stay the contempt order pending appeal, granted Mr. de Marco, Jr.'s motion to withdraw as counsel for Mr. Rawls, and scheduled as status of counsel hearing for 2:00 PM on Monday, October 5, 2015. 9/30/15 Hr'g Tr. 145:25 – 147:25.

6. Mr. Rawls will be incarcerated indefinitely until he agrees to comply with and actually does comply with the August 27th Order.[4] To be clear, Mr. Rawls' incarceration is imposed to coerce his future compliance with the August 27th Order, and is NOT imposed to punish him for his past failures to comply. As soon as Mr. Rawls notifies the Court that he is prepared to fully comply with the August 27th Order, arrangements will be made to transport Mr. Rawls to an appropriate location in Delaware County so that he may effectuate his compliance by producing the Hideaway Cloud and Thundercloud external hard drives in a fully unencrypted state. As soon as the Court is notified that Mr. Rawls has complied with the terms of the August 27th Order, Mr. Rawls' contempt-related incarceration will be terminated.

For the reasons stated above, **IT IS HEREBY ORDERED** that this Court's September 30th Order shall remain in full force and effect until such time as Francis Rawls fully complies with Judge Reuter's Order of August 27, 2015.

BY THE COURT:

_L. Restrepo_
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE

---

[4] Alternatively, if Mr. Rawls is able to show that the finding of civil contempt should be lifted for some other reason, the Court will entertain any timely and appropriate motion or request to that effect.