IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Case No. 15-mj-850 |
| | : | |
| | : | |
| APPLE MACPRO COMPUTER, et al. | : | |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTIONS FOR RELIEF FROM ORDER OF CONTEMPT**

Francis Rawls has been remanded to custody indefinitely, without charges, to coerce him to provide evidence sought by the government. This is the model of the type of "recalcitrant witness" proceeding in which Congress has seen fit to temper the inherent power of federal courts by fixing an 18-month statutory maximum. The command sought to be enforced here squarely fits within 28 U.S.C. § 1826(a): it is a command to "testify or provide other information, including any … recording or other material." Having already served in excess of 18 months, Mr. Rawls must be released forthwith.

> A. **The criminal contempt statute at 18 U.S.C. § 401 has no application when imprisonment is imposed to coerce a party to "testify or provide other information, including any … recording or other material."**

The government is badly mistaken in its contention, *see* Response 2, that this matter is before the Court pursuant to 18 U.S.C. § 401. That provision governs *criminal* contempt, or the power to "punish" contumacy after the fact by imposing "imprisonment for a definite term." *Yates v. United States*, 355 U.S 66, 71-72 (1957). This case concerns civil contempt, or the power to coerce compliance with an outstanding order by indeterminate confinement. *United Mine Workers v. Bagwell*, 512 U.S. 821, 828 (1994). The distinction is well-established in the case law. *See*, *e.g.*, *In re Proceedings of Harrisburg Grand Jury 79-1*, 658 F.2d 211, 218 (3d

Cir. 1981) (distinguishing between "criminal contempt proceedings" under § 401 and civil contempt proceedings); *United States v. Hughey*, 571 F.2d 111, 114 (2d Cir. 1978) (party called upon to provide evidence may be "adjudged in civil contempt pursuant to 28 U.S.C. § 1826, or in criminal contempt pursuant to 18 U.S.C. § 401").[1]

Here, the Court could not have been clearer that it was holding Mr. Rawls in civil rather than criminal contempt: the incarceration was imposed "to coerce his future compliance with the August 27th Order, … NOT … to punish him for his past failure to comply." At no time did the Court suggest it was proceeding pursuant to 18 U.S.C. § 401. Even if it had, the label would not have changed anything: it is a cardinal principle in the law of contempt that the "character and purpose" of the proceeding, not what the parties or court call it, determine whether the contempt is civil or criminal. *Shillitani v. United States*, 384 F.3d 364, 369 (1966); *United States v. North*, 621 F.2d 1255, 1262 (3d Cir. 1980). Under this rule, it does not matter that the government's motion to have Mr. Rawls held in contempt cited 18 U.S.C. § 401 rather than 28 U.S.C. § 1826, notwithstanding the government's emphasis on the point. *See* Response 2 & n.2.

The order providing for Mr. Rawls's indeterminate confinement marks this matter as the consummate civil contempt proceeding. *Bagwell*, 512 U.S. at 828. But in one class of civil-contempt cases, Congress has restricted the power to coerce compliance by confinement: those in which the imprisonment is to coerce a person "to testify or provide other information, including

---

[1]  In *Harris v. United States*, 582 F.3d 512 (3d Cir. 2009), the Third Circuit referred in passing to 18 U.S.C. § 401 as one basis for the district court's exercise of jurisdiction, even though the matter involved a civil contempt. 582 F.3d at 514, 515 n.3. But the court cited a second, alternative jurisdictional basis in the same breath, 582 F.3d at 514, rendering the allusions to § 401 dicta. In any event, *Harris*'s asides could not carry the force of law under the Third Circuit's prior precedent rule, whereby the court's earlier decisions, in cases such as *Harrisburg Grand Jury 79-1* and *United States v. North*, 621 F.2d 1255 (3d Cir. 1980), *infra*, remain controlling until such time as revisited by the court sitting *en banc*.

2

any … recording or other material." 28 U.S.C. § 1826(a). With regard to persons who are "recalcitrant witnesses" in this sense, Section 1826(a)'s 18-month maximum restricts federal courts' inherent contempt power. *E.g.*, *United States v. Mitchell*, 556 F.2d 371, 384 (6th Cir. 1977).

> **B. Mr. Rawls's imprisonment has been imposed to compel him to provide evidence, and is thus subject to the statutory maximum of 18 months.**

No matter how one frames the facts of this case, Mr. Rawls has been confined for failing to "testify or provide other information, including any … recording or other material." To have the contempt lifted, he must communicate information that exists only in his own mind, either by entering passwords or testifying that he is unable to recall them. In either event, he would act as a witness in the purest sense.

While the Third Circuit did not find that compliance with this Court's order would be plainly testimonial for purposes of the Fifth Amendment, the law of Section 1826(a) is another domain entirely. There is perfect accord among the circuits that a person is a "witness" within the meaning of Section 1826(a) when compelled to make a physical act of production, even when the act has no testimonial component of any kind. That includes appearing for one's photograph to be taken, *Schofield v. United States*, 486 F.2d 85, 87 (3d Cir. 1973), and providing a hair sample, *In re De Jesus Berrios*, 706 F.2d 355 (1st Cir. 1983), among much else. Thus, the Third Circuit has treated a party as a "witness" under Section 1826(a) while holding he was not a "witness against himself" within the meaning of the Fifth Amendment. *Matter of Special Grand Jury (Doe)*, 809 F.2d 1023, 1024 (3d Cir. 1987).

In *Armstrong v. Guccione*, 470 F.3d 89 (2d Cir. 2006), on which the government relies heavily, the Second Circuit's conclusion was that a party ordered to produce "gold bullion, valuable coins, and antiquities" could not call upon the 18-month maximum because these items

3

were sought not as evidence, "but because they are objects of monetary value that are the property of the corporation in receivership." 470 F.3d at 110. But were the contemnor "being confined solely because of his refusal to produce computer files," the Second Circuit noted, "we would need to consider whether the eighteen-month cap of §1826(a) applies." *Id.*

On the government's view, recalling a computer password and entering it into a previously seized device is not protected by the Fifth Amendment, at least in this case, because it supposedly requires not a mental process, but an "act of production" of evidence, namely, "the decrypted computer." Response 4. But under the precedents cited above and in Mr. Rawls's principal memorandum of law, the act of producing evidence — be it testimonial or not — falls squarely within the coverage of 28 U.S.C. § 1826(a).

The government is altogether silent as to *United States v. Mitchell*, 556 F.2d 371 (6th Cir. 1977), which, as explained in Mr. Rawls's principal memorandum of law, *see* Mem. L. 7-8, squarely held that Section 1826(a) restricts the power of district courts to impose indeterminate confinement to compel compliance with orders to provide evidence — there, a voice sample for comparison with surreptitiously recorded communications. "The defendants were in fact acting as 'witnesses' [for purposes of §1826(a)] when directed to produce the information, even though the non-testimonial nature of the evidence makes Fifth Amendment protections inapplicable," the court confirmed. 556 F.2d at 384.

In short, Section 1826(a)(2) is "a comprehensive provision concerning recalcitrant witnesses in grand jury and judicial proceedings." *In re Sealed Case*, 827 F.2d 776, 778 (D.C. Cir. 1987). Here, on either side's view of the constitutional issue, the contempt in this case is premised on a command to provide evidence, and the length of confinement is therefore subject to Section 1826(a)'s 18-month maximum.

### C. The Third Circuit's decisions in *Harris* and *Chapman* are not cases involving commands to provide evidence.

The government otherwise relies heavily on *Harris v. United States*, 582 F.3d 512 (3d Cir. 2009, and *Chadwick v. Janecka*, 312 F.3d 597 (3d Cir. 2002), but neither has any bearing here. As noted above, it is only in one type of proceeding that Congress has limited the federal courts' inherent power to confine parties under an order of civil contempt: when the order is entered to coerce a person "to testify or provide other information, including any …recording or other material." 28 U.S.C. § 1826(a). When an order calls on a person to do something other than provide evidence, the case is "not covered by the Recalcitrant Witness Act," so that "due process is the only existing limitation on the continuation of 'unconscionable, indeterminate periods of confinement.'" *Harris*, 582 F.3d at 523 (DuBois, J., concurring).

The contempts in *Harris* and *Chadwick* did not involve orders to provide evidence. In *Chadwick*, the issue was the contemnor's refusal to pay over monies in a divorce case. In *Harris*, all that was asked of the contemnor was that he cease sending out bogus financial documents that purported to create liens and judgments on the judge and prosecutors. 582 F.3d at 513. Because neither case involved anything like an order to provide evidence, Section 1826(a) did not apply. *See* Mem. of L. (Doc. No. 47) at 7 n.4.

## CONCLUSION

For the reasons stated above and in his principal memorandum of law, Mr. Rawls should be released from confinement forthwith, with no further confinement to follow.

Respectfully submitted,

*/s/ Keith M. Donoghue*
KEITH M. DONOGHUE
Assistant Federal Defender

BRETT G. SWEITZER
Assistant Federal Defender
Chief of Appeals

LEIGH M. SKIPPER
Chief Federal Defender

**CERTIFICATE OF SERVICE**

I, Keith M. Donoghue, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically filed this *Reply Memorandum in Support of Motions for Relief from Contempt Order* and served copies upon Filing Users Michael L. Levy, Esq., and Michelle Rotella, Esq., through the Electronic Case Filing (CM/ECF) system for the United States District Court for the Eastern District of Pennsylvania.

                                              */s/Keith M. Donoghue*
                                              KEITH M. DONOGHUE
                                              Assistant Federal Defender

Dated: August 30, 2017