# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | MATTER NO. 15-mj-850 |
| | : | |
| APPLE MACPRO COMPUTER, | : | |
| APPLE IPHONE 6 PLUS CELLULAR | : | |
| TELEPHONE, WESTERN DIGITAL | : | |
| MY BOOK FOR MAC EXTERNAL | : | |
| HARD DRIVE, WESTERN DIGITAL | : | |
| MY BOOK VELOCIRAPTOR DUO | : | |
| EXTERNAL HARD DRIVE | : | |
| | : | |

## ORDER

After a decision from the Court of Appeals affirming a finding of civil contempt, Francis Rawls[1] has filed a Motion for Stay of Contempt Order and Release from Custody and a Motion to Vacate Order of Contempt. The Government has responded, and the Court held a status conference on August 31, 2017, at which Mr. Rawls appeared by video conference.

Mr. Rawls has been held in custody since September 30, 2015, having been cited for civil contempt for failure to decrypt or provide passwords for several external computer hard drives that may contain evidence of child pornography.[2] The Court of Appeals framed the issue as "the Government's ability to compel the decryption of digital devices when the Government seizes those devices pursuant to a valid search warrant."[3] Although the contempt orders of September

---

[1] Mr. Rawls proceeded under a pseudonym in the Court of Appeals, but has not sought to do so in this Court.

[2] The contempt orders were issued by the Honorable L. Felipe Restrepo. Judge Restrepo having been elevated to the Court of Appeals, the matter has been reassigned to this Court's docket.

[3] *United States v. Apple MacPro Computer*, 851 F.3d 238, 241 (3d Cir. 2017).

30, 2015, and October 5, 2015, did not state that they were entered pursuant to a particular statute or rule, the Third Circuit held that they were issued pursuant to the All-Writs Act.[4]

Mr. Rawls now argues, apparently for the first time, that the contempt citation is cabined by the 18-month limitation imposed by the Recalcitrant Witnesses statute, which provides in relevant part that:

> (a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of--
>
> (1) the court proceeding, or
>
> (2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.
>
> (b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.[5]

Although Mr. Rawls and the Government raise interesting and complex arguments concerning whether Mr. Rawls is being asked "to testify or provide other information," the ruling of the Court of Appeals compels the conclusion that Mr. Rawls is not a witness to a proceeding

---

[4] The Act provides that:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651.

[5] 28 U.S.C. § 1826.

as contemplated by § 1826, and that the 18-month limitation therefore does not apply to this matter.

Courts have held that § 1826 applies to grand jury proceedings[6] and to trials.[7] But this matter concerns the thwarted execution of a search warrant. On appeal, the Third Circuit rejected Mr. Rawls's argument that "the Magistrate Judge did not have subject matter jurisdiction to issue the Decryption Order because the Government should have compelled his compliance by means of the grand jury procedure and not the All Writs Act,"[8] holding that the use of a grand jury "is not the exclusive means by which the Government may collect evidence prior to indictment."[9] The Court of Appeals thus expressly distinguished the procedural posture of this matter from one concerning a grand jury, and held instead that "the Magistrate Judge had subject matter jurisdiction under Federal Rule of Criminal Procedure 41 to issue a search warrant and therefore had jurisdiction to issue an order under the All Writs Act that sought to effectuate and prevent the frustration of that warrant." [10] In this specific context, § 1826 cannot apply because the statutory phrase "[n]o period of confinement shall exceed the life of [] the court proceeding," has no meaning: there is no case to be tried, or grand jury whose term will expire

---

[6] *See, e.g., In re Grand Jury Matter*, 906 F.2d 78 (3d Cir. 1990) (testimony of grand jury witness); Palmer v. United States, 530 F.2d 787 (8th Cir. 1976) (concerning handwriting exemplars). The court in *Palmer* cited the report of the House of Representatives Judiciary Committee on § 1826 that "other information . . . would include, for example, electronically stored information or computer tapes." *Id.* at 789 n.3 (internal quotation marks and citation omitted).

[7] *United States v. Mitchell*, 556 F.2d 371, 385 (6th Cir. 1977) (concerning a refusal to give voice exemplars and holding that "[a]s we interpret this statute Congress imposed an 18-month maximum on the length of confinement for civil contempt relating to either a court or grand jury proceeding."). However, at least one court has concluded that the 18-month limit "is part of the grand jury subparagraph, and it applies only to grand juries, not to confinements in other proceedings." *Natural Gas Pipeline Co. of Am. v. Fritz*, 853 F. Supp. 236, 237 (S.D. Tex. 1994) (internal citation omitted).

[8] *Apple MacPro Computer*, 851 F.3d at 244.

[9] *Id.*

[10] *Id*. at 245 (footnote, quotation marks, and internal citation omitted).

or that will decide whether an indictment should issue. This matter exists before the Court solely because Mr. Rawls has prevented the search warrant from being fully executed.[11]

The Third Circuit also rejected Mr. Rawls's argument that his decryption of the devices would violate his right against self-incrimination under the Fifth Amendment, holding that "any testimonial component of the production . . . added little or nothing to the information already obtained by the Government" and would be a "foregone conclusion."[12] This holding buttresses the conclusion that issuance of the search warrant did not implicate testimony or the appearance of a witness to provide other information as contemplated by § 1826.

Under the particular circumstances of this matter, and in light of the ruling of the Third Circuit, the Court holds that § 1826 does not apply, and Mr. Rawls is not entitled to release because he has been in custody for more than the 18 months set as a limit in the statute. This is the only basis on which Mr. Rawls has sought release at this time. At the August 31, 2017 status conference, Mr. Rawls, through counsel, expressly disclaimed any argument based on whether he is unable or unwilling to comply with the earlier orders, pending the filing of a petition seeking a writ of *certiorari* from the United States Supreme Court. This Court therefore has limited its ruling accordingly.

---

[11] The Court notes that § 1826 is located in the Judiciary and Judicial Procedure section of the United States Code, as part of a chapter entitled Evidence; Witnesses. The other statutes in the chapter concern mileage and fees for witnesses (28 U.S.C. §§ 1821, 1824, 1825); interpreters (28 U.S.C. §§ 1827, 1828); and the examination of persons interested in a share of any fine, penalty, or forfeiture (28 U.S.C. § 1822). This chapter does not appear to contemplate the issuance of a search warrant, as distinct from a grand jury, trial, or other court proceeding at which witnesses may be expected to appear.

[12] *Id.* at 248. As the Court of Appeals held, "the fact known to the government that is implicit in the act of providing the password for the devices is 'I, John Doe, know the password for these devices.'" *Id.* at 248 n.7. However, the record shows that the devices were found at Mr. Rawls's residence, and that he does not dispute their existence or his ownership of them; his sister reported that she had witnessed Mr. Rawls "unlock his Mac Pro while connected to the hard drives to show her hundreds of pictures and videos of child pornography," and therefore it was a foregone conclusion that Mr. Rawls knew the password. *Id.* at 248.

**AND NOW,** this 6th day of September 2017, it is hereby **ORDERED** that Francis Rawls's Motion for Stay of Contempt Order and Release from Custody [Doc. No. 45] and Motion to Vacate Order of Contempt [Doc. No. 46] are **DENIED**.

It is so **ORDERED.**

BY THE COURT:

/s/Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**